Ketcham *v.* Hiller.

. [ORANGE GRNERAL TERM, September 17, 1866. *Scrugham; Lott, J. F. Barnard* and *Gilbert,* Justices.]

---

## KETCHAM *vs.* HILLER.

Under a contract to deliver petroleum oil, within a specified time, not to the purchaser personally, or at his place of business, but "*to lighter,*" a tender on the evening of the last day, is sufficient. It will be inferred that the parties intended, when they entered into the contract, that the buyer should send a lighter to receive the oil; and if he neglects to furnish, or wilfully withholds, the means requisite to enable the seller to deliver the oil within the contract time, he is in default.

Under such circumstances, the tender need not be made early enough within the contract time to enable the buyer to examine and accept the oil prior to the expiration of the time specified in the contract.

THIS is an appeal from the judgment of the city court of Brooklyn, and from an order of the same court at special term, denying a motion for a new trial, made on the judge's minutes.

The action was brought to recover damages for the alleged refusal of the defendant to receive five hundred barrels of petroleum oil under a contract entered into at the city of New

York, through a broker, by bought and sold notes, one of which was as follows :

"NEW YORK, Sept. 22d, 1863.

Purchased for account of Messrs. Hiller & Co. from Mr. D. O. Ketcham, five hundred (500) bbls. of refined petroleum, color, light straw to white, fire test, 115 deg. and upwards, of standard gravity. In bond, in good shipping order to lighter at (65c) sixty-five cents per gallon, deliverable from 20th of October to the 30th of November, at buyer's option, with ten days notice to seller, buyer to furnish the necessary evidence of export to release manufacturers' bond, or pay U. S. tax thereon.   .   JOHN GRAVES, Broker.

    Terms cash.   Brokerage, 1 pr. c."

(Endorsed) " Accepted, Hiller & Co."

The other was in the same words, except that it was headed, " Sold for account of Messrs. D. O. Ketcham & Co."

At the time of the contract the defendant's place of business was at No. 3 Chambers street, New York, and the plaintiff had an office at No. 134 Maiden Lane, New York.

The defendant did nothing under the contract, before it fell due, except that before that period there were some ineffectual negotiations for a compromise of it, and the plaintiff states in his complaint that he duly tendered the oil on the 30th of November, and at divers other times between the 20th of October and the 30th of November to the defendant at the city of New York, in acordance with the terms of the contract.

The defendant by his answer admitted that he executed the contract in the complaint set forth, as therein alleged, but denied every other allegation in the complaint contained ; and as a further defense alleged that he was ready and willing to perform his contract, but that the plaintiff failed to perform the same on his part.

The actual evidence on the trial was, that on the day when the contract expired, November 30th, at about six o'clock in the evening of that day, (which hour was after sunset,) when the gas-lights had been lit, the plaintiff made a tender of the

oil, which was then lying at the Penny Bridge, Brooklyn, to the defendant, at his office in the city of New York, by offering him a bill of the oil, a guager's return of the quantity, and a certificate of its inspection, and at the same time saying the oil was ready for delivery at the Penny Bridge, Brooklyn. Up to this time the plaintiff had never before notified the defendant where the oil was, nor given him an order for its inspection, nor asked him where he wanted the oil delivered. The defendant refused to accept the tender of November 30th, on the ground that it was not made in time. It was an undisputed fact in the case, that at the time the alleged tender was made, it was too late in the day to give the defendant a reasonable time to examine the oil and its packages, and accept it, prior to the termination of the contract time. The defendant's counsel requested the court to charge the jury, that the tender of the oil on the 30th of November was not a good tender, unless made early enough within the contract time to have given the defendant a reasonable time to examine and accept the oil prior to the termination of the contract time. This the court refused to charge, and charged the jury that, as matter of law, the tender of the 30th of November was a good tender, and in substance directed the jury to find for the plaintiff, if they found that the packages containing the oil tendered on November 30th were in good shipping order, and to this the defendant's counsel excepted. The jury found a verdict in favor of the plaintiff, and assessed the damages at $4189.13. Judgment was ordered for the plaintiff for that amount with costs, and $100 additional allowance. It was also ordered, that the defendant have twenty days time to make and serve a case herein, and that the plaintiff's proceedings be stayed in the meantime. The defendant's counsel moved upon the minutes for a new trial. Motion denied.

*M. V. B. Wilcoxson*, for the appellant. I. In an executory contract like the one in question, neither party could

bring an action against the other for non-performance, without showing performance, or an offer or tender of performance, on his part. (*Dunham & Dimon* v. *Pettee & Mann*, 8 *N. Y. Rep.* 508. *See also Lester* v. *Jewett*, 11 *id.* 453 ; *Beecher* v. *Conradt*, 13 *id.* 108.)

II. The only tender or offer of performance proven in this case, before and up to the time the contract matured, was at the office of the defendant in the city of New York, on November 30th. And the city of New York, the plaintiff swears, was the place where, under the contract, the offer or tender was to be made.

III. As the contract fixed the time of performance, the offer could only be made within the time fixed by the contract. (*Dixon* v. *Clark*, 5 *Com. Bench R.* 365, 378.)

IV. The right to make the offer within that time could only be exercised reasonably, as to the time and circumstances of its exercise, and with a reasonable regard to the convenience and rights of the party to whom the offer was to be made. It could therefore only be made within reasonable hours of the day, within the contract time, and early enough in the day for the defendant to have inspected the quality of the oil, and the condition of the casks in which it is contained, within the contract time, before accepting it. (*Startup* v. *McDonald*, 2 *Scott's R.* (*N. S.*) 485. *S. C. in error*, 7 *id.* 269. *Chit. on Cont.* 467, 10*th Am. ed.* 2 *Story on Cont.* 315, § 809, 4*th ed.* *Addison on Cont.* 1132, 2*d Am. ed.* 1 *Pars. on Cont.* 532, 5*th ed.* *See also Isherwood* v. *Whitmore*, 11 *Mees. & Welsb.* 350 ; *Reed* v. *Randall*, 29 *N. Y. Rep.* 358.) The facts proven in this case, of a custom on contracts like the one in question, of giving two or three days' preliminary notice that the oil is ready, and sending an order for its inspection, shows conclusively that the tender here was not only inconsistent with law, but with custom also.

V. If these propositions are correct, it is evident that the defendant was entitled to have had submitted to the jury the question of fact, whether the plaintiff was ready and

offered to perform on his part, according to the contract; and that the court below erred in charging, as it did, as matter of law, that the tender in the evening of the 30th of November was a good tender, and that the defendant is entitled to a new trial for this error. See a somewhat similar case, (*Dunham* v. *Pettee*, 8 *N. Y. Rep.* 514,) where a new trial was granted.

VI. By this action of the court, other questions, which might have been possibly involved in the case and raised, were withdrawn from the consideration of the court and jury below. For example : (*a.*) Whether the defendant, by any act of his prior to or on November 30, *before breach* of the contract, waived tender, or induced the plaintiff to delay his offer to deliver or delivery of the goods until after the appointed time. In that case it may well be that the law would not allow any objection to the tender inconsistent with good faith. (*b.*) Whether the defendant, *after breach* of the contract, by a new agreement, upon a sufficient consideration, extended the time of performance. (*See Kellogg* v. *Olmsted*, 25 *N. Y. Rep.* 189 ; *Delacroix* v. *Bulkley*, 13 *Wend.* 75.) But in that case, the old agreement being by the statute of frauds required to be in writing, the new one extending the time of performance would also have had to be in writing. (*See Blood* v. *Goodrich*, 9 *Wend.* 73, 79 ; *McKnight* v. *Dunlop*, 5 *N. Y. Rep.* 537, 546 ; *Wright* v. *Weeks*, 25 *id.* 157 ; *Marshall* v. *Lynn*, 6 *Meeson & Welsby*, 117 ; *Giraud* v. *Richmond*, 2 *Common Bench R.* 844.) (*c.*) But neither of these questions of fact, by the action of the court, were submitted to the jury, or considered by the court ; and the plaintiff must stand or fall on the tender of November 30, which the court below declared to the jury was sufficient.

VII. If the points already stated entitle us to a new trial, it will be unnecessary to go through the evidence, a careful scrutiny of which, it is submitted, will show that the whole of the packages of this oil were not in good shipping order,

particularly for exportation, for which purpose the contract indicates the purchase was intended.

*G. T. Jenks*, for the respondent. I. The contract expired on the 30th of November, and tender on that day was good. By its terms the seller was entitled to ten days' notice to deliver, and there is no pretense any notice was given the seller. There was, therefore, no necessity for tender. The defendant could not be put in default until the 30th. The defendant made no objection that the tender was too late. At all events, any defect in the tender was expressly waived, and the defendant himself so testifies, and the only question left in the case was, whether the oil was " according to agreement " i. e. shipping order, &c.

II. The question whether the oil was in good shipping order was a question of fact for the jury, and they have determined it.

III. The question of reasonable tender was one of law, on the facts, for the jury to determine. The exception, therefore, upon that point was not well taken. It was substituting the opinion of the witness for the decision of the judge and jury.

*By the Court*, GILBERT, J. The question in this cause is, whether a breach of the contract by the defendant was proved. The contract was made on the 22d of September, 1863, in which it is stated that the defendant had purchased of the plaintiff 500 barrels of refined pretroleum, &c. &c. in bond, in good shipping order, *to lighter*, deliverable from the 20th of October to the 30th of November, at buyer's option, with ten days notice to seller, buyer to furnish the necessary evidence of export, or pay the United States tax thereon. The defendant did nothing under the contract before the 30th November, 1863, and on that day the plaintiff, between five and six o'clock in the evening, handed to the defendant a bill of the oil, a guager's return of the quantity, and a certificate

Ketcham *v.* Hiller.

of the inspection of it, and told him the oil was ready for delivery at his yard. . The defendant then made no reply, but on the third day afterwards repudiated the contract, on the ground of the insufficiency in point of time of the aforesaid tender of the plaintiff. The jury found that the plaintiff had the oil, and that it was of the prescribed quality, and in good shipping order.

Upon the trial, the defendant claimed that the oil should have been tendered a sufficient time before the expiration of the contract, to enable him to inspect it. The court held that the tender was good, and that it need not have been made early enough within the contract time to have given the defendant a reasonable time to examine and accept the oil prior to the expiration of the contract time. The defendant excepted to this finding, and upon this exception the question arises, which is decisive of the case. We are of the opinion, that no error was committed by the court below. The oil was to be delivered, not to the defendant personally, or at his place of business, but " *to lighter.*" The evidence shows that the plaintiff was a refiner of the oil; that he had a manufactory for that purpose, connected with the wharf in that part of New York ; and that the oil was purchased for exportation. It is fair to infer, therefore, that the parties intended, when they entered into the contract, that the defendant should send a lighter to receive the oil, and by the terms of the contract, he was " to furnish the evidence of export, to release the plaintiff's bond to the government." It was the duty of the defendant to prepare these preliminary acts, receive the oil, and pay for it. And he was bound to be ready to receive the oil a sufficient time before the expiration of the contract time to enable the plaintiff to deliver it within the contract time. The defendant was clearly in default, and the offer to deliver made by the plaintiff was sufficient. He could do no more. He could not deliver the oil pursuant to the contract, because the defendant had neglected to furnish, or willfully withheld, the means requisite to enable him to do so. The defendant

certainly cannot be permitted to annul his obligation under the contract, by thus withholding the means of a performance of it by the plaintiff. (*Crooke* v. *Moore*, 1 *Sandf.* 302. *West* v. *Newton*, 1 *Duer*, 283.) The case of *Hartup* v. *McDonald*, (2 *Man. and Gr.* 593,) on which the defendant relies, we think, has no application to the facts, and does not affect the principle of this case.

The judgment should be affirmed.

[ORANGE GENERAL TERM, September 17, 1866. *Scrugham, Lott, J. F. Barnard* and *Gilbert*, Justices.]